**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**CASE NO.:**

**TRICIA TRAVIS,**
**an Individual,**

**Plaintiff,**

**v.**

**THE SCHOOL BOARD OF OSCEOLA COUNTY, FLORIDA,**
**a Florida Body Corporate,**

**Defendant.**
_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**WITH INJUNCTIVE AND DECLARATORY RELIEF REQUESTED**

Plaintiff, **TRICIA TRAVIS** ("Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against Defendant, **THE SCHOOL BOARD OF OSCEOLA COUNTY, FLORIDA** ("Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), Chapter 760 of the Florida Civil Rights Act ("FCRA"), and for workers' compensation retaliation in violation of Fla. Stat. § 440.205, the Florida Worker's Compensation Retaliation Statute ("WCRS"), to recover from Defendant back pay, other monetary damages, equitable relief, front

pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

**JURISDICTION AND VENUE**

2. Plaintiff is an adult individual.

3. Defendant is a Florida Government Entity and Body Corporate that is located in Osceola County, Florida, and is therefore within the jurisdiction of this Court.

4. Plaintiff worked for Defendant in Osceola County, Florida, and therefore the proper venue for this case is the Orlando Division of the Middle District of Florida.

5. At all times relevant hereto, Plaintiff was an employee of Defendant, and worked for Defendant in Osceola County, Florida.

6. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

7. This Court also has supplemental jurisdiction over Plaintiff's FCRA and WCRS claims, as they arise out of the same operative facts and circumstances as her ADA claims.

8. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination because of her

disability or "perceived disability" by Defendant.

9. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because Plaintiff was retaliated against and suffered adverse employment action as a result of her disability or "perceived disability," and her request for reasonable accommodation.

10. Defendant was at all times an "employer" as envisioned by the ADA, FCRA, and WCRS as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

11. On or around June 4, 2025, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

12. On or around May 28, 2026, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her federal claims within 90 days of her receipt of the same.

13. More than 180 days have passed since the filing of the Charge of Discrimination with the FCHR, giving Plaintiff the right to bring a civil action on her state claims within one year of the expiration of the 180 day time period.

14. Plaintiff timely files this action within the applicable period of limitations against Defendant.

15. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

16. Plaintiff worked for Defendant as a School Nurse, placed at Poinciana High School, from February 3, 2025 until her termination on March 27, 2025.

17. Defendant told Plaintiff upon hiring her that Poinciana High School would have two (2) School Nurses and that she would therefore not necessarily be expected to work full-time hours.

18. Also upon hire, Plaintiff disclosed to Defendant that she suffers lower back disabilities, specifically sciatica and radiculopathy, with attendant pain, weakness, and loss of range of motion.

19. Plaintiff advised Defendant upon hire that she needed to see her treating medical professionals regularly in order to treat and address her disabilities, and Defendant told Plaintiff that it would accommodate Plaintiff's reasonable, non-burdensome accommodations.

20. On March 5, 2025, unfortunately, Plaintiff suffered a fall at work resulting in vertebral fractures.

21. Plaintiff was forced by Defendant to see one of Defendant's workers' compensation physicians, and was forced to use her own personal time plus one additional day to treat with her workers' compensation physician.

22. On March 13, 2025, and again on March 26, 2025, Plaintiff asked for reasonable accommodation for her disabilities, specifically occasional absences, early departures, and/or late arrivals, in order to treat and address flareups of her disabilities.

23. Plaintiff also requested the further reasonable, non-burdensome accommodation of part-time work, which Defendant had told Plaintiff would be the norm rather than the exception when she was hired.

24. In response to Plaintiff's requests for accommodation, Defendant declined to engage in any sort of dialogue or interactive process with Plaintiff about her disabilities regarding possible reasonable accommodation for her disabilities.

25. Instead, very shortly thereafter, on March 27, 2025, Defendant informed Plaintiff via email that it had decided to terminate her employment, effective immediately.

26. Defendant offered no cogent explanation for taking this extreme adverse employment action against Plaintiff.

27. It is clear that Defendant discriminated against Plaintiff based on disability, and terminated her employment in retaliation for suffering and disclosing her disabilities, requesting reasonable accommodation for same, and claiming or attempting to claim compensation under the WCRS.

28. Any other "reason" theorized after the fact by Defendant for

Defendant's treatment and termination of Plaintiff is pretext.

29. Plaintiff is an individual with a disability who, with or without, reasonable accommodation, was fully capable of performing the essential functions of her job.

30. Defendant's termination of Plaintiff stemmed from its discriminatory animus toward her disability and her need for accommodation under the ADA/FCRA.

31. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA/FCRA.

32. The timing of Plaintiff's termination makes the causal connection between her disability disclosure/request for reasonable accommodation under the ADA/FCRA, and her termination sufficiently clear.

33. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

34. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

35. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment; therefore, she is protected class member as envisioned by the ADA and the FCRA.

36. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability."

37. Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA, FCRA and WCRS were intended to prevent.

38. Defendant did not have a good faith basis for its actions.

39. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

40. Defendant retaliated against Plaintiff after she reported a workplace injury and pursued workers' compensation benefits, in violation of the WCRS.

41. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

42. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I: DISABILITY DISCRIMINATION UNDER THE ADA FAILURE TO ACCOMMODATE

43. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 6, 8, 10 through 12, 14 through 31, 33 through 36, 38 through 39, and 41 through 42, above.

44. The acts of Defendant, by and through its agents and employees,

violated Plaintiff's rights against disability discrimination under the ADA.

45. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

46. Defendant failed to provide reasonable accommodations and failed to engage in the interactive process with Plaintiff to find reasonable accommodations, in violation of the ADA.

47. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

48. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

49. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

50. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

51. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT II: DISABILITY DISCRIMINATION UNDER THE FCRA FAILURE TO ACCOMMODATE

52. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 7 through 8, 10 through 11, 13 through 31, 33 through 36, 38 through 39, and 41 through 42, above.

53. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

54. The discrimination to which Plaintiff was subjected was based on her disability/handicap, or "perceived disability."

55. Defendant failed to provide reasonable accommodations and failed to engage in the interactive process with Plaintiff to find reasonable accommodations, in violation of the FCRA.

56. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation,

inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

57. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

58. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

59. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**COUNT III: RETALIATION UNDER THE ADA BASED ON DISABILITY**

60. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 6, 9 through 12, 14 through 23, 25 through 30, 32, 34 through 39, and 41 through 42, above.

61. Plaintiff was terminated within close temporal proximity of her request for reasonable accommodation.

62. Plaintiff's request for reasonable accommodation constituted protected activity under the ADA.

63. Plaintiff was terminated as a direct result of her request for reasonable accommodation.

64. Plaintiff's protected activity, and her termination, are causally related.

65. Defendant's stated reasons for Plaintiff's termination are a pretext.

66. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

67. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

68. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

69. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against

Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**COUNT IV: RETALIATION UNDER THE FCRA BASED ON DISABILITY**

70. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 7, 9 through 11, 13 through 23, 25 through 30, 32, 34 through 39, and 41 through 42, above.

71. Plaintiff was terminated within close temporal proximity of her request for reasonable accommodation.

72. Plaintiff's request for reasonable accommodation constituted protected activity under the FCRA.

73. Plaintiff was terminated as a direct result of her request for reasonable accommodation.

74. Plaintiff's protected activity, and her termination, are causally related.

75. Defendant's stated reasons for Plaintiff's termination are a pretext.

76. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary

losses.

77. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

78. Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

79. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

**COUNT V: RETALIATION IN VIOLATION OF WCRS**

80. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 7, 10, 16, 20 through 21, 25 through 28, and 37 through 42, above.

81. Plaintiff engaged in protected activity when she reported her workplace injury, sought medical treatment, filed or attempted to file a workers' compensation

claim, and pursued benefits arising from her workplace injury.

82. Defendant terminated Plaintiff from her employment in violation of the WCRS.

83. Plaintiff was retaliated and terminated in violation of the WCRS for pursuing her legal rights to workers' compensation benefits.

84. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and other monetary and non-monetary losses.

85. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 26th day of August, 2026.

Respectfully Submitted,

***/s/ Nicholas Vimo***
Nicholas Vimo
Florida Bar No. 1029436
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail:
nicholas@floridaovertimelawyer.com

*Counsel for Plaintiff*